IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02404-BNB

STEVEN TULLER, also known as
STEVEN MICHAEL TULLER, also known as
STEVEN M. TULLER,

    Plaintiff,

v.

JOHN HICKINLOOPER [sic],
TOM CLEMENTS,
REGGIE BICHA,
JANE DOE, and
TRAVIS TRANI,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Steven Tuller, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. The caption of this order has been corrected to include his aliases. Mr. Tuller has submitted *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) and a Prisoner Complaint (ECF No. 1).

    On September 13, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Tuller to show cause in writing within thirty days why he should not be denied leave to proceed pursuant to § 1915. On October 18, 2012, Mr. Tuller filed his response (ECF No. 7) to the order to show cause. The Court must construe liberally Mr. Tuller's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny leave to proceed pursuant to § 1915, and dismiss the action.

Mr. Tuller seeks leave to proceed without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915. In relevant part, this statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the purposes of this analysis, the Court may consider actions or appeals dismissed prior to the enactment of 28 U.S.C. § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

A review of this Court's records reveals that, while he was a prisoner, Mr. Tuller has, on three or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See Tuller v. Neal*, No. 95-cv-02396-DBS (D. Colo. Jan. 4, 1996) (dismissed as legally frivolous), *aff'd*, No. 96-1049 (10th Cir. Dec. 19, 1996) (appeal dismissed as legally frivolous), *cert. denied*, 520 U.S. 1232 (1997); *see also Tuller v. Neal*, No. 96-cv-00678-DBS (D. Colo. Apr. 5, 1996) (dismissed as legally frivolous), *appeal dismissed*, No. 96-1163 (10th Cir. Jan. 16, 1997); and *Tuller v. Lawrence*, No. 02-cv-02414-ZLW (D. Colo. Feb. 25, 2003) (dismissed as legally frivolous).

In the complaint, Mr. Tuller contends he is in imminent danger of serious physical injury. ECF No. 3 at 2. He bases these allegations on the assertion that he requires an evaluation by a doctor because he has a life sentence, *id.*, and is a sex offender who has not been sent to the Colorado Mental Health Institute in Pueblo, Colorado, to participate in the phase-one and -two sex offender treatment program (ECF No. 1 at 3). These allegations do not rise to the level of imminent danger of serious physical injury.

In the response to the show-cause order, Mr. Tuller elaborates upon these allegations. He contends that the Pueblo County District Court has denied his request for copies of his sex-offender evaluation, and asks that this Court either provide him with copies or order the Pueblo County court to do so.

The Court lacks subject matter jurisdiction over Mr. Tuller's request. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." Id. at 1148; *see also Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment); *Pittsburgh County Rural Water Dist. No. 7 v. City of Maltster*, 358 F.3d 694, 707 (10th Cir. 2004) (federal claim is inextricably intertwined with state court judgment if the state court judgment "caused, actually and proximately, the injury for which [the party] seeks redress").

In addition, Mr. Tuller has failed to show cause as directed, will be denied leave to proceed pursuant to 28 U.S.C. § 1915(g), and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Tuller files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the clerk of the Court add Steven Michael Tuller and Steven M. Tuller, aliases for Steven Tuller, to the docketing records for this case.  It is

FURTHER ORDERED that Plaintiff, Steven Tuller, is denied leave to proceed pursuant to 28 U.S.C. § 1915 because:  (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) he fails to establish that he is under imminent danger of serious physical injury.  It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  24th  day of   October  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States Magistrate Judge